Copy mailed to ~~attorneys~~ pl+f. ~~parties~~ by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures. 5/4/05
cc: Warden
AAG

U.S. DIST. COURT EAST DIST. WISC.
FILED
MAY - 3 2005
AT_____O'CLOCK_____M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY T. BLUE,

          Plaintiff,

v.                                                Case No. 05-C-259

RONALD K. MALONE,
MONICA POPE WRIGHT,
NURSE CHRIS,
NURSE PRACTITIONER FLOYD,
NURSE PRACTITIONER PENNEY,
LT. WALKER,
SGT. BRILWOSKI,
SOCIAL WORKER DONNA,
and UNKNOWN,

          Defendants.

## DECISION AND ORDER

The plaintiff, an inmate seeking to proceed *in forma pauperis* on a civil rights complaint under 42 U.S.C. § 1983, has paid his initial partial filing fee as assessed and ordered on March 23, 2005. Because the plaintiff is seeking relief against government employees or governmental entities, the court is required to screen the complaint. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore,

court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71

2

(7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The complaint is summarized as follows. The plaintiff is incarcerated at the Milwaukee County House of Corrections (HOC). The defendants appear to be employed at the HOC. The plaintiff claims that he was denied proper medical care at the HOC and the Milwaukee County Jail (Jail) and that such denial violated his rights under the Eighth Amendment to the United States Constitution and Wisconsin state law.

According to the plaintiff, he suffers from "high blood pressure, bad liver, bad back (under doctor care - pain management Milwaukee) as well as arthritis, and a bad hygiene problem, with stomach pain, from the bad liver. Hep. C!" (Compl. ¶ IV.A.) The plaintiff arrived at the HOC on December 21, 2004, was seen by intake medical staff who were informed of his medical problems. A few days later the plaintiff was seen by HOC staff "because I kept seeing little lights and a bad headache and I kept writing grievance reports." (Compl. ¶ IV.A.) Also, the plaintiff saw a nurse or a doctor, who said that his blood pressure was 170 over 110. The plaintiff was advised that he would see Nurse Practitioner Floyd "to which now I see he really did not want to see me (why) because he never did address the matter of blood pressure, just extra blanket and my tennis shoes." (Compl. ¶ IV.A.) However, the plaintiff was seen by Nurse Practitioner Penney, who treated his blood pressure.

Psy Social Worker Donnas refused to give the plaintiff "psy meds." (Compl. ¶ IV.A.) The plaintiff gave her "necessary information and sign release form to get the mental health information to get my record for the meds that I need. She refuse to (why) cause

3

to this day I don't have meds, nor have I seen the doctor or anyone to help me at all!" (Compl. ¶ IV.A.)

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious and (2) that the official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, provided that the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials acts with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar*

4

*v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman*, 241 F.3d at 845 (citing *Farmer*, 511 U.S. at 840-42).

The plaintiff's allegations do not state a claim under the Eighth Amendment. Although the sequence of events described in the complaint is not entirely clear, there is no doubt that the plaintiff alleges that he was seen, and treated, by HOC medical staff on multiple occasions. Also, it is apparent that the plaintiff is not satisfied with the treatment that he received. However, an inmate's disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Although the court has construed the complaint liberally, it finds that the plaintiff has provided no arguable basis for relief, and has failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)). Consequently, the plaintiff may not proceed on his civil rights claims under §1983. That being so, the court declines to exercise jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

**NOW THEREFORE IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis is **GRANTED**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as lacking any arguable basis in law;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this action has been dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

5

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $240.47 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment of dismissal as set forth herein;

**IT IS FURTHER ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined;

**FURTHER, THE COURT CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated the 3rd day of May 2005, at Milwaukee, Wisconsin

BY THE COURT

_____
C. N. CLEVERT, JR.
United States District Judge

6